IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 08-00341-02-CR-W-NKL |
| JOENATHAN LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On October 16, 2009, I held a change-of-plea hearing after this case was referred to me by

United States District Judge Nanette Laughrey. I find that Defendant's plea was voluntary and

therefore recommend that it be accepted.

## I.  BACKGROUND

On December 3, 2008, an indictment was returned, charging Defendant with, inter alia, one

count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and

846, and one count of criminal forfeiture pursuant to 21 U.S.C. §853. A change-of-plea hearing was

held on October 16, 2009. Defendant was present, represented by retained counsel Martin Warhurst.

The government was represented by Assistant United States Attorney Bruce Rhoades. The

proceedings were recorded and a transcript of the hearing was filed on October 19, 2009.

## II.  AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by

the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a

"magistrate may be assigned such additional duties as are not inconsistent with the Constitution and

the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case

2

and controversy clause.  Id.  Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge.  Id.  Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role.  Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III.  FINDINGS OF FACT

1.     The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2.     On December 3, 2008, an indictment was returned, charging Defendant with, inter alia, one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and one count of criminal forfeiture pursuant to 21 U.S.C. §853.  The court read the charges against Defendant and Defendant indicated he understood the nature of the charges (Tr. at 5).

3.     The statutory penalty on the conspiracy charge is not less than ten years but up to life imprisonment, a fine of not more than $4,000,000, a supervised release term of not less than five years, and a $100 mandatory special assessment fee (Tr. at 5).  Defendant was informed of the penalty range and indicated that he understood (Tr. at 5-6).

4.     Defendant was advised of the following:

a.     That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

3

b.    That he has the right to assistance of counsel throughout the trial (Tr. at 6);

c.    That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 11);

d.    That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 7);

e.    That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not testify at trial (Tr. at 7-8);

f.    That Defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 8); and

g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8-9).

5.    Defendant was informed and understood that by pleading guilty, he was giving up all of the rights described above (Tr. at 9).

6.    Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9-10).

7.    There has been open file discovery in this case (Tr. at 10).

8.    Defense counsel stated that he had reviewed the government's file and confirmed

4

from his own independent investigation that it was wise for his client to plead guilty (Tr. at 10).

9.     If this case were to go to trial the government's evidence against Defendant would be that law enforcement bought crack cocaine from co-defendant Moland (Tr. at 11, 12). While co-defendant Moland's residence was being searched, Defendant's vehicle was observed in the area (Tr. at 11). Witnesses would testify about the long-running relationship they had Defendant and co-defendant Moland in buying powder and crack cocaine (Tr. at 11). Witnesses would also testify about Defendant and co-defendant Moland's friendship and relationship in the drug-trafficking business (Tr. at 11). Law enforcement officers would testify that they encountered Defendant and co-defendant Moland carrying firearms (Tr. at 11). Lastly, the government's evidence would show that at the time of Defendant's arrest, he was found in possession of a large amount of cash, a loaded firearm, and a photograph showing him in possession of a firearm that was seized from co-defendant Moland (Tr. at 11). All of these acts took place within the Western District of Missouri (Tr. at 11-12)

10.    Defendant was placed under oath (Tr. at 10). Defendant admitted that he was within the Western District of Missouri between January 1, 1999 and December 1, 2008 (Tr. at 15). During this time, he had a relationship with co-defendant Moland (Tr. at 15). Defendant and co-defendant Moland and others had an agreement that they would distribute 50 grams or more of crack cocaine (Tr. at 15). Defendant knowingly and intentionally entered the agreement even though he knew that it was a violation of the law (Tr. at 16).

11.    Defendant indicated that he understood the plea agreement he had with the government (Tr. at 17-23). As part of the agreement, Defendant agreed to plead guilty to Count One; in exchange, the government agreed to dismiss Count Four at the time of sentencing (Tr. at 4, 21).

5

12.     No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 23-24).

13.     Defendant is satisfied with the representation he has received from his attorney (Tr. at 24). There is nothing he has done that Defendant did not want him to do, and there is nothing Defendant wanted him to do that he has not done (Tr. at 24).

14.     Defendant is twenty-seven years old and completed the tenth grade (Tr. at 24). He did not have any difficulty understanding what went on during the change of plea hearing and had not encountered any difficulty communicating with his attorneys (Tr. at 24). Defendant did not have any physical or mental health concerns that would prevent him from entering an intelligent and voluntary plea of guilty to this charge (Tr. at 24-25). He was not under the influence of drugs or anything else that would cloud his ability to intelligently waive his right to a jury trial (Tr. at 25).

15.     Defendant tendered a plea of guilty to Count One of the Indictment and conceded the forfeiture allegation (Tr. at 25-26).

## *V. ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for conspiracy to distribute controlled substances include: (1) there was an agreement to distribute the controlled substance; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006); United States v. Shoffner, 71 F.3d 1429, 1433 (8th Cir. 1995).

## *V. CONCLUSION*

Based on the above, I make the following conclusions:

1.     The district court may lawfully refer this case to a magistrate judge for issuance of

6

a report and recommendation on whether Defendant's guilty plea should be accepted.

2.      Defendant has consented to having his plea taken by a magistrate judge.

3.      Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of Count One of the Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty of Count One of the Indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 26, 2009